# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 07-CR-06

MARTIN DE LA CRUZ,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

On January 9, 2007, the grand jury returned a one count indictment alleging that Martin De La Cruz ("De La Cruz") conspired to distribute more than one-hundred kilograms of marijuana in violation of Title 21, United States Code, Section 846 and 841(b)(1)(B).

On February 9, 2007 De La Cruz filed a motion to compel discovery, specifically seeking information regarding communications between law enforcement agents in Texas and law enforcement agents in Milwaukee. De La Cruz was arrested in McAllen, Texas on August 26, 2006, along with another person at a residence that contained a large amount of marijuana. At the time of arrest, De La Cruz invoked his Fifth Amendment right not to be interrogated. De La Cruz was charged in a criminal complaint in the Southern District of Texas on August 26, 2006, thereby implicating his Sixth Amendment rights. On August 31, 2006, De La Cruz appeared for a preliminary and detention hearing, at which De La Cruz was represented by counsel.

While De La Cruz was in custody on the charges in Texas, on or about August 29, 2006, De La Cruz's Milwaukee residence was searched by Milwaukee law enforcement officers. These officers seized various items from De La Cruz's home.

On September 12, 2006, the government filed a motion to dismiss the charges against De La Cruz in Texas, and on September 22, 2006, the court granted the government's motion, thereby dismissing the charges against De La Cruz without prejudice.

De La Cruz returned to Milwaukee and began efforts to retrieve some of the property seized from his residence. While meeting with an officer from the Milwaukee Police Department regarding the release of the seized property, De La Cruz was questioned regarding the illegal items seized from his residence and De La Cruz allegedly made incriminating statements.

De La Cruz believes that the questioning by police officers in Milwaukee, after the charges in Texas were dismissed, was a deliberate effort by law enforcement to evade De La Cruz's rights under the Sixth Amendment. Such rights expired upon the dismissal of the complaint. In an attempt to prove his theory, De La Cruz seeks discovery of any communication between Texas and Milwaukee law enforcement.

During a status conference on February 28, 2007, the court discussed De La Cruz's motion and ordered that the government provide a written statement regarding the content of any communications between Texas and Milwaukee law enforcement relating to this case by March 12, 2007. The Assistant United States Attorney submitted a letter to this court stating that she had reviewed copies of emails between Texas and Milwaukee law enforcement and could state unequivocally that none of the emails would support a claim that the Texas case was dismissed in an effort to circumvent De La Cruz's right to counsel. The Assistant United States Attorney summarized the content of the emails as stating that Texas agents contacted law enforcement in Milwaukee simply because De La Cruz was a Milwaukee resident who was found in a house with over three-quarters of a ton of marijuana. This fact led to an independent investigation by the Milwaukee officers, who shared the information with Texas law enforcement.

On March 22, 2007 this court ordered that the government submit the emails between Milwaukee and Texas law enforcement to this court under seal for an in camera review. On March 26, 2007, the government provided the court with these emails.

Having reviewed these emails, the court is satisfied with the government's summary of the content of the emails. The court finds nothing in those emails that would support the argument that the charges in Texas were dismissed and the questioning in Milwaukee occurred, all in a joint effort to circumvent De La Cruz's right to counsel.

**IT IS THEREFORE ORDERED** that De La Cruz's motion to compel Sixth Amendment discovery (Docket No. 13) is **denied**.

Dated at Milwaukee, Wisconsin this 27th day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge